**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)** - *LMM - PMM*

☐ _____ Amended Plan
☐ __First_____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: GEORGE NOMIKOS            JOINT DEBTOR: IVETTE NOMIKOS   CASE NO.: 13-40680-JKO
Last Four Digits of SS# 0018              Last Four Digits of SS# 2079

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of __60__ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:
   A.  $ 1,673.71 _____ for months __1__ to __7__;
   B.  $ 142.13 for months 8 to 60; in order to pay the following creditors:

Administrative: Attorney's Fee - $ 3,500.00 (+ 750 MTV Ocwen - 2nd mtg) (Plus 19.00 costs) (+2,500.00 Loss Mit Med - Wells Fargo 1st mtg) (+ 1MP - $500.00) = 7,269.00 total    TOTAL PAID $ 1,019.00
Balance Due $ 6,250.00 payable $821.43/month (Months 1 to 7); and $100.00/month (Months 8 to 12).

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1.   Wells Fargo                             Arrearage on Petition Date $ N/A
Address: PO Box 10335                *Regular Payment: (TPP Through Loss Mediation Mitigation) - LMM Payments* $0.00/month (Months 1 to 7 all payments made direct); and **PMM PAYMENTS** to be
       Des Moines, IA 50306-0335      made directly to Wells Fargo for months 8 through 60 outside of this Chapter 13 Plan.
Account No.: 8249

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| Land/Home Financial Services, Inc. (Second Mtg - Acct No. 2441) | Homestead Property 3707 NW 91 Lane Sunrise, FL 33351 $111,227.00 | 0.00 % | $ 0.00 | 1 To 60 | $ 0.00 |
| Wells Fargo POB 10335 Des Moines, IA 50306-0335 Acct No. 9589 | 2009 Mazda CX7; VIN JM3ER293090216052 Mileage 79,515 $ 5,774.37 | 5.25 % | $ 700.13 $29.21 $31.89 | 1 To 7 8 To 12 13 To 60 | $ 6,577.80 |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. Internal Revenue Service (Priority)   Arrearage on Petition Date   $ 2,602.00 (as per POC number 8)
Address: POB 7346                         Arrears Payment             $ 54.21 /month (Months 13 to 60).
         Philadelphia, PA 19101
Account No: 0018

Unsecured Creditors: Pay $ 43.11 _____/month (Months 13 to 60).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:        Debtor has filed a Motion for Referral to Loss Mitigation Mediation on their first mortgage on the homestead property, located at 3707 NW 91 Lane, Sunrise, FL 33351, with secured creditor, Wells Fargo, Acct 8249. Please see next page for provisions. The payments above to Wells Fargo reflect the TPP payments proposed by Wells Fargo and accepted by the Debtor. Debtor was approved for a TPP at mediation conference with Wells Fargo and now has been approved for a Permanent Mortgage Modification (PMM). Wells Fargo has been paid outside of the Plan for months 1 thorough 7, and Wells Fargo shall be paid directly for the PMM payments for months 8 though 60 outside of this Chapter 13 Plan. The second mortgage on the debtor's homestead with Land/Home Financial Services, Inc. (Ocwen) (Acct No. 2441) was the subject of a motion to value collateral, and was reclassified as an unsecured claim, as described above. Debtor to strip down vehicle, 2009 Mazda CX7, secured by Wells Fargo, Acct 9589, pursuant to a motion to value collateral, as described above. The 2008 Dodge Avenger (VIN 1B3L76M68M144708), secured by Ally Financial (Acct No. 4643), shall be paid directly to Ally Financial outside of this Chapter 13 Plan. All Debts shall be cured upon discharge.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ George Nomikos                          /s/ _____
Debtor                                      Joint Debtor
Date: August 18, 2014                       Date: August 18, 2014

LF-31 (rev. 01/08/10)

Other Provisions continued:
"The Debtor filed a Verified Motion for Referral to LMM with WELLS FARGO ("Lender"), loan number 8249, for real property located at 3707 NW 91 Lane, Sunrise, FL 33351. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered
timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim."